IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LESLIE R. COLE,

    Plaintiff,

v.                                                                       Civil Action No. 5:08CV101
                                                                                                        (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The plaintiff, Leslie R. Cole, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since September 30, 2002.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on March 21, 2007, before Administrative Law Judge ("ALJ") Donald T. McDougall. The plaintiff, represented by counsel, testified on his own behalf, as did a vocational expert. On July 24, 2007, the ALJ issued a decision finding that the plaintiff was not disabled and could return to his past work as a sales attendant. The Appeals Council denied the plaintiff's request for review.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and

recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On September 11, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff did not file objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections. Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In his motion for summary judgment, the plaintiff contends that the Appeals Council violated five provisions regarding its

2

review of the ALJ's decision and therefore substantial evidence existed to overturn the ALJ's decision at the Appeals Council level and on appeal. Specifically, the plaintiff argues that (1) the Appeals Council failed to grant the plaintiff permission to file briefs and other written statements in violation of 20 C.F.R. § 404.1780(a); (2) the Appeals Counsel failed to grant the plaintiff permission to file briefs or other written statements about the facts and law relevant to the case in violation of 20 C.F.R. § 404.975; (3) the Appeals Counsel failed to grant the plaintiff permission to file new and material evidence relating to the period on or before the date of the ALJ's decision in violation of 20 C.F.R. § 404.976(b)(1); (4) the Appeals Counsel failed to consider additional evidence in violation of 20 C.F.R. § 404.970(b); and (5) the Appeals Counsel failed to permit submission of new evidence in violation of 20 C.F.R. § 404.1785.

The Commissioner contends that the relevant time period ends the last day the plaintiff was insured, September 30, 2002. Therefore, the defendant states that the ALJ correctly concluded that the plaintiff retained the functional capacity to perform the range of light work he previously performed prior to September 30, 2002. The defendant further argues that the ALJ correctly determined the plaintiff's credibility and correctly concluded that the plaintiff's statements about his impairments were not credible to the extent alleged.

Magistrate Judge Seibert issued a report and recommendation, in which he held that (1) the Appeals Council granted the plaintiff's request to submit legal briefs and present additional evidence; (2) the Appeals Council considered the additional evidence that it had a legal duty to consider; and (3) the Appeals Council had no legal duty to consider four out of the nine pieces of additional evidence because these letters and medical records were issued after the date of the ALJ's decision. Accordingly, based upon these findings, the magistrate judge held that the Appeals Council did comply with its duties under the Code of Federal Regulations. The plaintiff did not file objections to the magistrate judge's report and recommendation.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the

report and recommendation, concurs with the magistrate judge that the Commissioner's decision that the Appeals Council did comply with its duties under the Code of Federal Regulations is supported by substantial evidence.  Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge.  The defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    September 28, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE